SHANNON G. SPLAINE, ESQ.
Nevada Bar No. 8241
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3960 Howard Hughes Parkway
Suite 200
Las Vegas, Nevada 89169-5968
Telephone:   (702) 257-1997
Facsimile:    (702) 257-2203
ssplaine@lgclawoffice.com

Attorneys for Defendant, MRS BPO, LLC

UNITED STATES DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| KIRBY SPENCER,<br><br>　　Plaintiff,<br><br>v.<br><br>MRS BPO, LLC, a foreign limited-liability Company doing business in Nevada,<br><br>　　Defendant. | Case No. 2:14-cv-01833-MMD-GWF<br><br>**DEFENDANT MRS BPO, LLC's ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant MRS BPO, LLC ("MRS"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Class Action Complaint filed by plaintiff Kirby Spencer ("plaintiff"), and states:

### INTRODUCTION

1.   MRS admits plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, but denies any liability, violations or wrongdoing under the law.

### JURISDICTION AND VENUE

2.   MRS admits the allegations in ¶ 2 for jurisdictional purposes only.

3.   MRS admits the allegations in ¶ 3 for jurisdictional purposes only.

4.   MRS admits the allegations in ¶ 4 for venue purposes only.

5. MRS denies the allegations in ¶ 5 as calling for a legal conclusion and denies that plaintiff is entitled to declaratory relief.

## PARTIES

6. MRS denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7. MRS denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

8. MRS admits that it is a New Jersey limited liability company doing business in Nevada. Except as specifically admitted, MRS denies the allegations in ¶ 8.

9. MRS denies the allegations in ¶ 9 as calling for a legal conclusion.

## STATEMENT OF FACTS

10. MRS reasserts the foregoing as if fully incorporated herein.

11. MRS denies the allegations in ¶ 11.

12. MRS denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13. MRS denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14. MRS denies the allegations in ¶ 14.

## FIRST CLAIM FOR RELIEF

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

15. MRS reasserts the foregoing as if fully incorporated herein.

16. Section 227(b)(3)(A) of the TCPA speaks for itself and is the best evidence of its contents. To the extent that plaintiff states otherwise, MRS denies the allegations in ¶ 16 as calling for a legal conclusion.

17. Section 227(b)(3)(B) of the TCPA speaks for itself and is the best evidence of its contents. To the extent that plaintiff states otherwise, MRS denies the allegations in ¶ 17 and as calling for a legal conclusion.

18. MRS denies the allegations in ¶ 18.

19. The TCPA speaks for itself and is the best evidence of its contents. To the extent that plaintiff states otherwise, MRS denies the allegations in ¶ 19.

20. MRS denies the allegations in ¶ 20.

21. MRS denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. MRS denies the allegations in ¶ 22.

**PRAYER FOR RELIEF**

23. MRS denies that plaintiff is entitled to the relief sought.

**DEMAND FOR JURY TRIAL**

24. MRS denies that plaintiff is entitled to the relief sought.

**MRS' AFFIRMATIVE DEFENSES**

1. Plaintiff has not stated a claim upon which relief may be granted. First, the telephonic system used by MRS does *not* meet the statutory definition of an "automatic telephone dialing system" because the telephonic system does *not* have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers. *See* 47 U.S.C. 227(a)(1). Further, plaintiff has failed to allege and cannot assert facts necessary to establish that he was called using an automatic telephone dialing system. Plaintiff also was not charged for any of the calls made by MRS or messages left by MRS. *See* 47 U.S.C. 227(b)(1)(A)(iii).

2. Plaintiff's claims, in whole or in part, are barred by the statute of limitations and/or laches.

3. Plaintiff's claims are barred by the doctrine of avoidable consequences, failure to mitigate, estoppel, waiver, unclean hands, consent and/or assumption of risk in that plaintiff: refused and/or failed to answer the calls or return the messages left; made no request for the calls to cease or otherwise object to the calls; and knowingly and intentionally allowed and facilitated the calls to continue with the sole purpose to accumulate statutory damages under the TCPA.

4. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than MRS and was beyond the control or supervision of MRS or for whom MRS was

and is not responsible or liable. In particular and without limitation, the number at issue was provided to MRS by the placing creditor with the express and/or implied warranty that the debtor consented to and authorized calls to the number.

5. Plaintiff consented and authorized calls to the phone number in question for the account that MRS was working.

WHEREFORE, Defendant, MRS BPO, LLC, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

DATED this 12 day of December, 2014.

LINCOLN, GUSTAFSON & CERCOS, LLP

SHANNON G. SPLAINE, ESQ.
Nevada Bar No. 8241
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169-5968
Attorneys for Defendant,
MRS BPO, LLC

## CERTIFICATE OF SERVICE

I certify that on this 12th day of December, 2014, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Craig K. Perry, Esq.
Craig K. Perry & Associates
7795 West Sahara Avenue, Suite 101
Las Vegas, Nevada 89117

Staci D. Ibarra, an employee
of the law offices of
Lincoln, Gustafson & Cercos, LLP

v:\p-t\spencer_mrs\attorney notes\drafts\pleadings\20141212_ans.docx