SHANNON G. SPLAINE, ESQ.
Nevada Bar No. 8241
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3960 Howard Hughes Parkway
Suite 200
Las Vegas, Nevada 89169-5968
Telephone:   (702) 257-1997
Facsimile:    (702) 257-2203
ssplaine@lgclawoffice.com

Attorneys for Defendant, MRS BPO, LLC

UNITED STATES DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| KIRBY SPENCER,<br><br>    Plaintiff,<br><br>v.<br><br>MRS BPO, LLC, a foreign limited-liability Company doing business in Nevada,<br><br>    Defendant. | Case No. 2:14-cv-01833-MMD-GWF |

**DEFENDANT MRS BPO, LLC's MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR <u>JUDGMENT ON THE PLEADINGS</u>**

Defendant, MRS BPO, LLC ("MRS"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(c), submits the following Memorandum of Points and Authorities in support of its Motion for Judgment on the Pleadings to dismiss the Complaint filed by plaintiff, Kirby Spencer ("Plaintiff") for failure to state a claim upon which relief can be granted.

**I.     INTRODUCTION**

Plaintiff's Complaint does not meet the minimum pleading requirements established by Fed. R. Civ. P. 8 and clarified by *Iqbal* and *Twombly*. Plaintiff conclusively alleges that MRS violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 by placing Automatic Telephone Dialing System ("ATDS") calls to Plaintiff's cell phone without consent. Plaintiff's threadbare allegations fail because they do not sufficiently allege a necessary element of the TCPA, namely that

MRS called Plaintiff via an ATDS. Plaintiff merely restates the TCPA's definition of an ATDS without providing **_any_** facts that could lead to the inference that MRS used an ATDS when calling Plaintiff. Indeed, the "call log" plaintiff attached to his complaint confirms that the calls went unanswered. Thus, plaintiff is taking a shot in the dark because he has no facts upon which to support his claim. **_This omission is fatal_** to Plaintiff's TCPA claim and this Court should dismiss Plaintiff's Complaint.

## II.   BACKGROUND

On November 4, 2014, Plaintiff filed a lawsuit against MRS. In pertinent part, Plaintiff alleges MRS violated the TCPA by placing robocalls to Plaintiff, i.e. "any call made using an automatic telephone dialing system . . . when there [was] neither (1) an established business relationship (see § 227(a)(2) nor (2) prior express consent (see § 227(b)(1)(A))." Complaint, ¶ 11. Plaintiff, however, **_does not allege any facts_** relevant to an ATDS or artificial or prerecorded voice, nor could he. Plaintiff attached a call log of the four alleged calls which confirms that the calls went unanswered. *See* Complaint, Ex. 1. **_This omission is fatal_** to Plaintiff's TCPA claim and this Court should dismiss Plaintiff's Complaint.

## III.   LAW AND ARGUMENT

### A. *Fed. R. Civ. P. 12(c) Standard*

"The legal standard for a motion for judgment on the pleadings is equivalent to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Parlante v. Chase Home Fin., LLC*, 2010 WL 3271511, *1 (D. Nev. 2010).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such factual content requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiff's complaint "must

contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562.

### B. *Plaintiff Failed To State A Claim Under The TCPA*

The TCPA prohibits certain telephonic communications made by, or directed to, individuals within the United States. *See* 47 U.S.C. § 227(b)(1). In particular, the TCPA makes it illegal "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] . . . to any telephone number assigned to a . . . cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). An ATDS is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers." 47 U.S.C. § 227(a)(1).

"Use of an automatic telephone dialing system is a necessary element of a claim under the TCPA, so dismissal is required in the absence of a ***plausible inference*** that Defendant used such a system." *McGinity v. Tracfone Wireless, Inc.*, 2014 WL 1202950, *3 (M.D. Fla. 2014) (emphasis added). "As the courts have recognized, to satisfy the *Twombly/Iqbal* standard with respect to such a TCPA claim, a plaintiff must plead . . . circumstances that would support the inference that these calls were placed with [an] automatic telephone dialing system or an artificial or prerecorded voice." *Wallack v. Mercantile Adjustments Bureau, Inc.*, 2014 WL 1515852, *2 (E.D. Mich. 2014; *Hanley v. Green Tree Servicing*, LLC, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013). "Plaintiffs need not plead 'specific technical details' regarding [the defendant's] use of an ATDS, but they must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an ATDS." *Baranski v. NCO Fin. Sys., Inc.*, 2014 WL 1155304, *6 (E.D. N.Y. 2014) (internal citation omitted). *See also Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d 84, 85, 2013 WL 5719515, *1 (D. Mass. 2013); *Gragg v. Orange Cab Co., Inc.*, 942 F. Supp. 2d 1111, 1113–14 (W.D. Wash. 2013); *Johansen v. Vivant, Inc.*, 2012 WL 6590551, *3 (N.D. Ill. 2012).

The Court should dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Plaintiff attempts to state a TCPA claim by alleging that he received "robocalls" and then defining robocalls as calls using an ATDS. Complaint, ¶ 11. Plaintiff does ***not*** allege ***any*** facts about the calls that make it plausible they were made using an ATDS, ***nor could he, as he never***

*answered any of the calls*. See Complaint, Ex. 1. Plaintiff merely states legal conclusions, which fails the *Twombly/Iqbal* standard. Plaintiff's TCPA claim, therefore, fails as a matter of law.

### III. CONCLUSION

The Court should dismiss Plaintiff's Complaint and grant MRS any other relief that the Court deems appropriate.

DATED this 10 day of March, 2015.

                **LINCOLN, GUSTAFSON & CERCOS, LLP**

                */s/ Shannon Splaine*

                **SHANNON G. SPLAINE, ESQ.**
                Nevada Bar No. 8241
                3960 Howard Hughes Parkway, Suite 200
                Las Vegas, Nevada 89169-5968
                Attorneys for Defendant,
                MRS BPO, LLC

### CERTIFICATE OF SERVICE

I certify that on this 10th day of March, 2015, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Craig K. Perry, Esq.
Craig K. Perry & Associates
7795 West Sahara Avenue, Suite 101
Las Vegas, Nevada 89117

*/s/ Staci Ibarra*

Staci D. Ibarra, an employee
of the law offices of
Lincoln, Gustafson & Cercos, LLP

v:\p-t\spencer_mrs\attorney notes\drafts\pleadings\20150310_mpa_mot_judgment.docx