CRAIG K. PERRY, ESQ.
Nevada State Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Ave., Suite 260
Las Vegas, Nevada 89117
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
info@1stoplawfirm.com

Attorney for Plaintiff
Kirby Spencer

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| KIRBY SPENCER, | ) | Case No.: 2:14-cv-01833-MMD-GWF |
| | ) | |
| Plaintiff, | ) | OPPOSITION TO DEFENDANT |
| | ) | MRS BPO LLC'S MEMORANDUM OF |
| vs. | ) | POINTS AND AUTHORITIES IN SUPPORT |
| | ) | OF ITS MOTION FOR JUDGMENT ON |
| MRS BPO, LLC, a foreign limited-liability | ) | THE PLEADINGS |
| company doing business in Nevada, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### OPPOSITION TO DEFENDANT MRS BPO LLC's MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, Kirby Spencer ("Spencer") by and through his attorney, Craig K. Perry, Esq. of the law firm of Craig K. Perry & Associates, hereby files his Opposition to Defendant MRS BPO LLC's Memorandum Of Points and Authorities In Support of Its Motion For Judgment On The Pleadings and requests that said motion be denied and/or that Plaintiff be granted leave to amend.

Plaintiff bases his Opposition upon all the papers and pleadings of record on file herein and the

///

_____
*OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY*          *CASE NO:2:14-CV-01833-MMD-GWF*
*JUDGMENT*

Points and Authorities, Exhibits and Declaration of Craig K. Perry, Esq. attached hereto.

DATED this 24th day of March, 2015.

CRAIG K. PERRY & ASSOCIATES

*/s/ Craig K. Perry, Esq.*
_____
CRAIG K. PERRY, ESQ.
Nevada Bar No. 3786
8010 West Sahara Avenue, Suite 260
Las Vegas, NV  89117
(702) 228-4777
Attorney for Plaintiff

## POINTS AND AUTHORITIES

### I.
### PRELIMINARY STATEMENT

Plaintiff ("Spencer") has filed an action under the TCPA (Telephone Consumer Protection Act), alleging that Defendant ("MRS") violated the TCPA, by making non-consented to "robocalls" to Spencer's cellular telephone, utilizing an ATDS (automated telephone dialing system). See 47 USC Sec. 227 et. seq. (private right of action-for any non-consented calls to a cell phone through an ATDS) and Spencer's First Claim For Relief.

To support this Opposition, Spencer, has attached a <u>telephone log</u> to the Complaint as Ex."1," pleading the exact dates he received the ATDS calls from MRS on his cell phone.  Spencer, has attached this Ex."1," to the Complaint to this Opposition as Ex."1."  Attached as Ex."2a-d," hereto, are photos of the actual calls on Spencer's <u>cell phone screen</u>.  Attached as Ex."3-a-c," are Texas PUC records that reveal MRS BPO, LLC, is licensed to use a machine in Texas, known as an <u>ADAD</u> (Automatic Dial Announcing Device).  Attached hereto as Ex."4," is the Declaration of Craig K. Perry, Esq., that reveals that an <u>pre-recorded voice answers "Thank you for calling MRS"</u> when anyone calls the number that appeared in Spencer's cell phone -**888-330-4552** (See Ex."2," hereto).

2

What this factual content reasonably infers to this court, is that MRS, is on notice, that it did in fact utilize the number (888-330-4552) when it called Spencer's cell phone on the dates pled in the complaint through an ATDS.  It further infers that MRS owned or used ATDS or ADAD equipment on the dates pled in the complaint.  The reasonable inference here, is that discovery will support that MRS called Spencer using an ATDS or ADAD in violation of the FTCP.

MRS, has brought its motion, essentially claiming, the very narrow distinction, that Spencer's failure to plead a few more "facts" to support that MRS used an ATDS, which according to MRS, is a "shot in the dark" and that "(T)his omission is fatal to Plaintiff's TCPA claims."  Motion, p.2, ll. 4-6.  MRS, has no other argument for dismissal on the pleadings under Fed. R. Civ. P. 12(c) other than, the complaint is deficient in pleading sufficient facts, from which this court may reasonable infer, that MRS made the calls to Spencer through an ATDS.  MRS does not raise as a disputed fact, in its motion herein, that it did not made the calls to Spencer's cell phone or that MRS had consent to call Spencer.  Instead of raising the ATDS argument earlier, MRS, waited until the day before the last day to amend, before filing its motion, which may delay the trial in this matter.

However, what is really in the dark, is MRS's candor.  MRS, upon information and belief, is also known as Monarch Recovery Management, Inc. (MRM) and has been sued many times for collection violations.  See Ex."5," hereto, PACER print out of search of MRS cases, totaling an incredible 189 actions.  This provides the Court with further facts to reasonably infer MRS, is a sophisticated collection company, that uses an ATDS and this will be revealed in the pending discovery requests to MRS, attached hereto as Ex."6."

Under these circumstances, there is factual content as pled and revealed in the telephone log and other related documents, for this Court to draw the reasonable inference that MRS did use an ATDS or ADAD to call Spencer's cell phone as pled and is in violation of the TCPA.  If these facts do not persuade

3

the Court, then Spencer should be allowed to amend his complaint to plead what is addressed in this Opposition regarding MRS's use of an ATDS.

## II.

## ARGUMENT

### A.  Statement of Facts and Statement of the Case

On July 16, 2014, Spencer owned and controlled a cell phone with the number: (702) XXX-8742, the number to his cell phone.  On July 16, 2014, Spencer received a non-consented call on his cell phone (702-XXX-8742) from number "**888-330-4552.**"  See Ex."1," and Ex."2-a" hereto.  Thereafter, Spencer received similar calls to his cell phone, from the number "888-330-4552" on July 23, 2014, July 24, 2014 and August 8, 2014.  Ex."1" and Ex."3-a-c;"  Complaint, par. 11.

Spencer filed his action herein on November 4, 2014.  MRS answered the complaint on December 9, 2014.  On January 15, 2015, the parties filed their Joint Stipulated Discovery Plan and Scheduling Order, which included a March 11, 2015 date for amendments.  MRS filed its motion herein, on March 10, 2015. On March 23, 2015, Spencer served discovery requests upon MRS, that include requests concerning its ADAD licensing in Texas and use of ATDS or ADAD equipment in general and as applied to Spencer and use of the number 888-330-4552, the number that placed the calls to Spencer.  These discovery requests are attached hereto as Ex. "6."

### B.  Standard of Review

Fed. R. Civ. P. 12(c), provides that after the pleadings are closed, a party may move for judgment on the pleadings.  A judgment on the pleadings, is appropriate when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.  *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009).  Analysis under Rule 12(c), is "substantially identical" to analysis under Rule 12(b)(6), "because under both rules, 'a court must determine whether the facts alleged in the

4

complaint, taken as true, entitled the plaintiff to a legal remedy.'" See *Chavez v. U.S.,* 683 F.3d 1102, 1109 (9th Cir. 2012)(citing to *Brooks v. Dunlap Mfg. Inc.,* No. C 10-04341 CRB, 2011, WL 6140912, at *3 (N.D. Cal., Dec. 9, 2011); Wright & Miller, Federal Practice and Procedure, Sec. 1367.

However, "a Court should **only** grant a motion for judgment on the pleadings if it is clear that the merits of the controversy can be **fully and fairly decided in this summary manner."** See *Scranton Times, LP. v. Wilkes-Barre Publishing Co.,* 2009 WL 3100963, *2 (M.D. Pa 2009), citing to Wright & Miller, Sec. 1369, emphasis added. Further, in determining motions under Rule 12(c), "courts cannot examine statements in an answer or other pleading and decide, on the basis of their own intuition that the statements are implausible or a sham and thus can be disregarded…(F)actual allegations in a pleading...must be presumed to be true. *In Re Mortgages Ltd.,* 771 F.3d 628, 632 (9th Cir. 2014)(emphasis added).

 On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint "contain(s) sufficient factual mater, accepted as true, to 'state a claim to relief that is plausible on it face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting *Bell Atl., Corp. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In "(D)etermining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Iqbal, at 679, 129 S.Ct. 1937.

In applying this standard to a TCPA claim, alleging the use of an ATDS, other courts have described, that "(I)t is not unreasonable, however, to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the ATDS." See *Johansen, v. Vivant, Inc.,* 2012 WL 6590551 * 3

(N.D. Ill., Dec. 18, 2012)(Motion to Dismiss granted, but Plaintiff given leave to file amended complaint, emphasis added).   In fact, "an exhibit of a defendant's application to register an 'automatic dial announcing device'" can be considered by the court in determining the plausibility of a complaint for violations of the TCPA.  See *Johansen v. Vivant, Inc.,* supra., at page 2, citing to *Martin v. Leading Edge Recovery Solutions, LLC,* No. 11C5886, 2012 U.S. Dist., 2012 WL 32928838 (N.D. Ill., Aug. 10, 2012).

As will be illustrated below, Spencer has pled in laymen's terms, as best he can without the aid of discovery, MRS's use of an ATDS and reasonable inferences thereto and if more factual terms are needed, then Spencer should be allowed to amend his complaint.

**C.  TCPA Claims**

The TCPA regulates the use of telephones to contact consumers.  It forbids the use of certain automated telephone equipment, including using "any automatic telephone dialing system or an artificial or prerecorded voice" to call cellular telephone without "prior express consent" of the consumer.  47 USC Sec. 227(b)(1)(A)(iii).

An "automatic telephone dialing system" (hereinafter "autodialer") means equipment which has the capacity: "(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 USC Sec. 227(a)(1)(A)-(B).  In contrast, Spencer has pled in laymen's terms in the complaint, and within the Court's experience and common sense, that the calls from MRS were "robocalls" meaning the same as an autodialer.  In other words, the calls may be reasonably inferred to be from an ATDS, where the calls come from equipment that has "the capacity to dial numbers without human intervention."  See *Lardner v. Diversified Consultants, Inc.,* 17 F.Supp.3d 1215, *5 (S.D. Fla. 2014).

///

///

*OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY        CASE NO:2:14-CV-01833-MMD-GWF*
*JUDGMENT*

**D. Plaintiff Has Sufficiently Pled There is a Reasonable Inference From Available Factual Content That The Calls to Spencer Came From  MRS and ATDS Equipment Was Used by MRS**

The issue before the Court, is not whether Spencer will prevail on his TCPA claim, but whether Spencer is entitled at this stage of the action, to offer evidence to support his claims.  The following are the facts pled by Spencer, without the aid of discovery.  These facts, clearly also raise a reasonable expectation that discovery will reveal evidence of the alleged violations by MRS.

Spencer pled the following in the Complaint concerning MRS's use of an ATDS:

> 11. Beginning on or about Wednesday, July 16, 2014, Plaintiff began receiving **robocalls** from MRS to his cell phone number.  Plaintiff also received **robocalls** on or about July 23, 2014, July 24, 2014 and August 8, 2014. (See Ex.1).  A **robocall is any call made using an automatic telephone dialing system** (*LCCA/er v.* CashCalf. 554 F.Supp.2d 1025 (N.D. Cal. 2008) These calls violate the Telephone Consumer Protection Act, 47 U.S.C. 227. **Robocall**s are not permitted when there is neither (1) an established business relationship (see 227(a)(2) nor (2) prior express consent (see 227(b)(1)(A).  See Complaint, par. 11 (emphasis added).

Ex."1," Spencer's telephone log, incorporated by reference in paragraph 11 in the Complaint and attached to the Complaint and hereto also as Ex."1," states as follows:

**CALL LOG**

| CALL # | CALL DATE | CALL TIME | CALL FROM # | CALL RESULT | EVICENCE |
|--------|-----------|-----------|-------------|-------------|----------|
| 1 | 7/16/2014 | 9:08:00 | 888-330-4552 | hung up | pic |
| 2 | 7/23/2014 | 14:07:00 | 888-330-4552 | hung up | pic |
| 3 | 7/24/2014 | 15:23:00 | 888-330-4552 | hung up | pic |
| 4 | 8/8/2014 | 16:46:00 | 888-330-4552 | hung up | pic |

Attached hereto as Ex."3a-c", are true and correct copies of records from the Texas PUC website, that reveals that MRS BPO LLC, was awarded a Permit, No. 090147 (valid from 12/18/2009 to last renewal of 12/18/2014) for an **"ADAD."**   The Texas PUC, defines an ADAD as an Automatic Dial Announcing Devices.  See Texas, PUC Rules, Chapter 26.

7

Attached hereto as Ex."2a-d", are photos taken by Spencer of his cell phone screen for each of the calls from MRS made from an ATDS to his cell phone, that state the following, except for the dates:

**RECENT CALLS**
**Missed**

**877-411-5551**
**No Name**
**888-330-4552**
**9:08A Jul 16**

Attached hereto as Ex"4," is the Declaration of Spencer's counsel, Craig K. Perry, Esq., that declares at paragraph 2, that before the complaint was filed and on March 23, 2015, he placed a call to "**888-330-4552**" and that there was a pre-recorded voice that answered stating: "**Thank you for calling MRS, your call will be monitored…**" Even today, if one calls, the same recording can be heard.

The foregoing evidence, are "facts" that must be considered as true by the Court in its Rule 12(c)/12(b)(6) analysis for reasonable inferences that MRS used an ATDS and violated the TCPA. First the telephone number, "888-330-4552" appearing on Spencer's cell phone screen, is a number used by MRS and all four calls came from that same number. Ex."4," at par. 3. All four calls are documented in Ex. "2," and incorporated by reference in Ex."1," to the Complaint and Ex."1," hereto.

MRS has a Texas PUC Permit to use what Texas calls an ADAD (automatic dial announcing devices). Ex."3." The permit appears to have been valid during the July and August, 2014 dates that the calls were made to Spencer.

The gist of MRS's motion herein, is that Spencer "**does not allege any facts** relevant to an ATDS or artificial or prerecorded voice, nor could he…**This omission is fatal** to Plaintiff's TCPA claim and this Court should dismiss Plaintiff's Complaint." Motion, p.2, ll. 12-15. However, Spencer has pled "facts" in laymen's terms, without the aid of discovery from MRS, that transcends the speculative and states an TCPA claim, that is plausible on its face.

*OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*          *CASE NO:2:14-CV-01833-MMD-GWF*

This Court may utilize its experience and common sense, to determine that a "robocall" is a modern laymens's term, widely used in business, advertisements, news articles, by Federal and State lawmakers and the Courts, to describe calls by automatic dialing equipment.   For example, Wikipedia, defines it as: "A robocall is a phone call that uses a computerized autodialer to deliver a pre-recorded message, as if from a robot."  The "888" prefix for the MRS number at issue, is a toll free number, widely used by debt collection companies, such as MRS. MRS is certainly well aware of the term, given its ongoing duties of compliance, and ownership of its equipment.  Accord, *Johansen v. Vivant, Inc.,* 2012 WL 6590551, *3 (N.D. Ill. 2012)(application for an automatic dial announcing device is relevant evidence that an ATDS was used).

Spencer, should not have to specifically plead, with precision, that MRS has a permit in Texas for autodialers or that a pre-recorded voice states "Thank you for calling MRS…" when the number 888-330-4552 is called.  When all of these facts are taken as true, it is reasonable for this Court to infer, that MRS used an autodialer (had a permit for one in Texas) when it called Spencer from an 888 toll-free number (widely used by debt collectors) multiple times without his consent and reasonable to infer MRS violated the TCPA and is liable to Spencer.  The merits of this action, simply cannot be fairly and fully determined in the summary fashion asserted by MRS in its motion. The Complaint is plausible on its face to plead a violation of the TCPA and if not, then Spencer should be allowed to amend the complaint. MRS's motion should be denied.  Fed. R.Civ.P. 12(c).

## CONCLUSION

Based upon the foregoing, Plaintiff's complaint is plausible on its face, to reasonable infer that MRS used an ATDS autodialer equipment when it called the Plaintiff's cell phone multiples times, without the Plaintiff's consent and is in violation of the TCPA and liable to Spencer.  The Court should deny the Defendants Motion For Judgment On The Pleadings or in the alternative, grant leave to

amend.  Fed.R.Civ. P. 12(c), Fed.R.Civ. P. 12(b)(6).

DATED this 24th day of March, 2015.

CRAIG K. PERRY & ASSOCIATES

*/s/ Craig K. Perry, Esq.*
CRAIG K. PERRY, ESQ.
Nevada Bar No. 3786
8010 W. Sahara Ave., Suite 260
Las Vegas, Nevada 89117
(702) 228-4777
Attorney for Plaintiff

10

1

## **CERTIFICATE OF SERVICE**

2

3          Pursuant to FRCP 5(b), I certify that I am an employee of CRAIG K. PERRY & ASSOCIATES

4   and that on this 24th day of March, 2015, I did cause a true copy of the foregoing OPPOSITION TO

5   DEFENDANT'S MRS BPO LLC's MOTION FOR JUDGMENT ON THE PLEADINGS, to be served

6   via CM/ECF electronic filing upon the following person(s):

7
    Shannon G. Splaine, Esq.
8   Lincoln, Gustafson & Cercos, LLP
    3960 Howard Hughes Parkway, Suite 200
9   Las Vegas, NV  89169-5968
    ssplaine@1gclawoffice.com
10

11  Samuel Ford, Esq.
    SESSIONS, FISHMAN, NATHAN & ISRAEL
12  3350 Buschwood Park Drive, Suite 195
    Tampa Florida, 33618
13  Attorneys for Defendant
    MRS BPO, LLC
14

15

16
                                          By  /s/ Elizabeth Carrillo
17                                        _____
18                                        For Craig K. Perry & Associates

19

20

21

22

23

24

25

26

27

28

_____

*OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY          CASE NO:2:14-CV-01833-MMD-GWF*
*JUDGMENT*