Exhibit "6"

CRAIG K. PERRY, ESQ.
Nevada State Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Ave., Suite 260
Las Vegas, Nevada 89117
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
info@1stoplawfirm.com

Attorney for Plaintiff
Kirby Spencer

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KIRBY SPENCER,<br><br>                    Plaintiff,<br><br>vs.<br><br>MRS BPO, LLC, a foreign limited-liability company doing business in Nevada,<br><br>                    Defendant. | Case No.: 2:14-cv-01833-MMD-GWF<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MRS BPO, LLC** |

COMES NOW the Plaintiff Kirby Spencer, (hereinafter "Spencer"), by counsel, and hereby requests that the Defendant MRS BPO, LLC, by and through its President or Chief Executive Officer of MRS BPO, LLC, pursuant to Rule 33 of the Federal Rules of Civil Procedure, Answer Plaintiff's First Set of Interrogatories set forth herein, within 30 days.

These Interrogatories are deemed to be continuing to the full extent permissible pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Supplemental or amended answers should be furnished within ten (10) days of the date on which any additional information is obtained.

///

## INSTRUCTIONS

1.      Each answer must be as complete and straightforward as the information reasonably available to you, as the President or Chief Executive Officer of Defendant, or anyone acting on your behalf, permits.  "YOU, OR ANYONE ACTING ON YOUR BEHALF" includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your consultants and expert witnesses, your investigators, and anyone else acting on your behalf.

2.      If an Interrogatory cannot be answered completely, answer it to the extent possible.  If you do not have enough personal knowledge to fully answer an Interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations.  Fully disclose any third party sources of information and assistance, in response to Interrogatory No. 1, herein below.

3.      Whenever an Interrogatory may be answered by referring to a document (such as business records), the document(s) may be attached as an exhibit to the response and referred to in the response.  If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

4.      In the event that the President or Chief Executive Officer of Defendant objects to answering any of the Interrogatories, producing any of the documents requested or responding to any of the Requests for Admissions, Defendant should state the precise ground(s) for each objection and the basis for asserting that such ground is applicable.  Such statement should be made separately for each Interrogatory with respect to which Defendant asserts an objection.  Communications which, on the ground of some objection, are not produced, should be identified as follows:

A.      State the full name and the present residential address of the person or persons by whom the document was written or communications were made;

B.      State, with respect to each of the persons identified pursuant to (A) above: (1) at present, his employer, title, substantive responsibilities, business address, immediate supervisor and the designation of the office or department in which the person is employed, and (2) at the time the document was written or communication was made, his employer, title, substantive responsibilities, immediate supervisor and the designation of the office or department in which the person was employed;

C.      State the date of the document or the date and place of the communication;

D.      State, with respect to a document, the title or caption of the document and its nature (e.g., letter/memorandum/corporate resolution/etc.);

E.      State, with respect to a document, the present location of the document, and the name and address of the person in whose custody or control the document is currently held;

F.      Provide a brief description of the substance or subject matter of the document or communication (without waiving an alleged privilege);

G.      State the full name and the present residential and business address of each person to receive the document or a copy thereof or to whom a communication was made or further disseminated; and

H.      State, with respect to each person identified pursuant to (F) above, the Information requested in (B)(1) and (2) above.

5.      If any information or document responsive to any of the following Interrogatories is withheld under a claim of privilege, describe or identify:

A.      The subject matter of any information or communication withheld, and

---

Plaintiff's Interrogatories to Defendant                    Case No 2:14-cv-01833-MMD-GWF

B.    The format (medium) and date of such communication, and

C.    All Parties to such communication, or others who may have records of same, and

D.    The precise nature of any privilege under which it is withheld, and

E.    The Party(ies) asserting the privilege, and

F.    The Party/Attorney/custodian/other person bound by the privilege.

6.    If Defendant exercises the option under F.R.C.P. 33(d) to produce business records in lieu of responding to any Interrogatory, the following procedure is to be employed:

A.    In response to such Interrogatory, please identify and attach the records containing the information;

B.    In producing such record(s), Defendant shall produce such record(s) separately and designate the Interrogatory to which such record(s) corresponds.

## DEFINITIONS

1.    "Call" is intended be used in its regular, common usage with respect to usage of a telephone or telephone system to contact someone, as well as text messaging (such as "SMS") to someone's telephone or telephone number.

2. "Document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, regardless or origin and location, any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or date processing card, or any other written, recorded, transcribed, punched, taped, filmed or graphic

matter, however produced or reproduced, which is in your possession, custody or control, or which was, but is no longer, in your possession, custody or control.

3.     "Person" means any individual or entity, including, but not limited to, partnership(s), association(s), corporation(s), principal, agent, or other.

4.     "Identify" when used with reference to a natural person, means to state each of the following:

A.     The person's full name;

B.     The person's present residential address; and

C.     His present employer, title, substantive responsibilities, business address, his immediate supervisor, and the designation of the office or department in which the person is employed.

5.     "Identify" when used with reference to an entity other than a natural person, means to state each of the following:

A.     The full name of the entity and any names under which it does business;

B.     The present or last known address of the entity's principal office or place of business;

C.     The type of entity (e.g., corporation, partnership);

D.     All officers/agents/employees (if less than ten) of such entity;

E.     All phone numbers for the entity; and

F.     All fax numbers for the entity.

6.     "Identify" when used in reference to an oral communication, including meetings, conferences, discussions, conversations, advice, counsel, speeches, addresses, and remarks, means to state each of the following:

A.     The full name and residential and business address of the person making such oral communication;

B.     The full name and residential and business address of each person to whom such oral communication was made;

C.     If the oral communication was made to the members of a large class, in which case it shall be sufficient to describe the class;

D.     The date and place at which such oral communication was made;

E.     The substance of the oral communication;

F.     The source of Defendant's information about the communication; and

G.     In addition, identify each document that was recorded, summarized or referred to in the oral communication.

7.     "Identify" when used in reference to a document, means to state each of the following:

A.     The nature of the document (e.g., letter of memorandum);

B.     Its title or caption;

C.     Its date;

D.     The name, title, and employer of each author of the document at the time the document was written;

E.     At the time the document was written, the name, title, and employer of each person to receive the document, or to whom a copy thereof was distributed;

F.     The present location of the document; and

G.     The name and address of the person in whose custody or control the document is currently held.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify all persons responding to or providing information for use in responding to these interrogatories and all of Plaintiff's propounded requests for production. (Do not identify anyone who only typed or reproduced the responses.)

**INTERROGATORY NO. 2:**

Please identify the names, addresses, telephone numbers, and nature of knowledge of any person known to you to have knowledge of the facts pertaining to this lawsuit. This interrogatory is intended to include <u>all</u> witnesses known to you, whether or not you intend to call them as witnesses at trial.

**INTERROGATORY NO. 3:**

For each person having knowledge that is identified in Interrogatory No. 2, please identify the extent of their knowledge as it relates to the allegations, facts and pleadings of this lawsuit, and that to which they will be testifying in this case.

**INTERROGATORY NO. 4:**

Please identify all litigation in which you or any other entity you own, in whole or in part, was named as defendant in a lawsuit that ever included an allegation of a violation of either Federal legislation, commonly referred to as the Telephone Consumer Protection Act ("TCPA," 47 U.S.C. § 227), and/or any other state statute similar to the TCPA. Such identification should include case name, the court where the litigation filed (identified by court, location, and state), the case number, the names of the parties to the suit, identification of respective counsel, a description of the nature of that litigation and the issues involved therein, and the current status or final results/outcomes of such litigation.

///

Plaintiff's Interrogatories to Defendant

Case No 2:14-cv-01833-MMD-GWF

**INTERROGATORY NO. 5**

Please identify every individual who is or ever was an employee, agent, consultant, expert witness, officer or director or other representative of defendant, who has ever testified or produced written or oral discovery in any of the litigation described in your answer to Interrogatories No. 4 above. Such identification should include reference to the case, the date of the testimony or discovery, the nature of the testimony or discovery, the context of such testimony or discovery (trial, hearing or deposition), and the subject matter of that testimony.

**INTERROGATORY NO. 6:**

Please identify all of the calls you made to 702-302-8742. Such identification should include the types of calls, the number of calls, the dates and times that you called, the purpose of each calls, the content of each call, and the phone number(s) that showed up for caller identification on Plaintiff's phone for each call.

**INTERROGATORY NO. 7:**

Please identify all efforts you made to ascertain the owner of the phone number 702-302-8742 prior to making calls to it.

**INTERROGATORY NO. 8:**

Please identify any and all human intervention, if any, that was involved in making the calls to 702-302-8742.

**INTERROGATORY NO. 9:**

Please identify all of the ways that you made available to Plaintiff, from July 16, 2014 through August 8, 2014, to stop receiving calls that were being sent to his phone number 702-302-8742.

///

///

**INTERROGATORY NO. 10:**

Identify the manner in which all of the types of equipment, hardware, software, companies and/or other systems worked together to call Plaintiff's phone number. Such identification should include, but not be limited to, the name of such companies, the year, make, model, and version of the involved equipment, hardware, software and systems and how they worked together to text Plaintiff's phone.

**INTERROGATORY NO. 11:**

Identify with particularity the types of equipment and software that you use to initiate or dial the calls when you make calls using an automated telephone dialing system. Such identification should include the year, make, model and software version(s) of said system.

**INTERROGATORY NO. 12:**

Identify with particularity every piece of equipment and software was used to call to 702-302-8742. Such identification should include how the number was stored, maintained, pulled up, called, and terminated, as well as the year, make, model and software version(s).

**INTERROGATORY NO. 13:**

Identify whether any devices involved in calling 702 302-8742 has the capacity to store cellular telephone numbers to be called (regardless of whether it was used for that purpose).

**INTERROGATORY NO. 14:**

Identify any call system used to call the plaintiff that had the capacity to store cellular telephone numbers to be called (regardless of whether it was used for that purpose).

**INTERROGATORY NO. 15:**

Identify any and all methods for reporting on outgoing calls made, the content of those calls and the call treatment performed when a called party responds to a call.

**INTERROGATORY NO. 16:**

Identify every person who called to called 702-302-8742 between July 16 , 2014 and August 8, 2014. Such identification should include sufficient information to deposed them, including but not limited to full name, home address, phone number, employee nickname and other employer identifiers, such as a code, badge  or identification number.

**INTERROGATORY NO. 17:**

Identify any and all policies and procedures for managing cellular telephone applications and cellular telephone numbers, including (for depositions):

   a.     Individuals who define, design, approve or otherwise are involved in creating the call applications, programs, campaigns and promotions.

   b.     Individuals with administrative level access to the automated call system.

   c.     Individuals who audit, maintain or otherwise operate the automated call system.

   d.     Individuals who maintain or manage lists of cellular telephone numbers for call applications, programs, campaigns and promotions.

**INTERROGATORY NO. 18:**

Identify any and all documented data retention policies and a description of the data retention policies actually in place.

**INTERROGATORY NO. 19:**

Identify any and all documents indicating how far back online dates exists for each automated call application.

///

///

**INTERROGATORY NO. 20:**

Identify any and all documents indicating how far back backup and archived data exists for each of the calls made.

**INTERROGATORY NO. 21:**

Identify any and all documents concerning current litigation holds that are in place that may prevent production of any materials or documents in this litigation.

**INTERROGATORY NO. 22:**

Identify any and all documents concerning Kirby Spencer, including but not limited to documents he sent to you, documents you sent to him, recorded telephone conversations, and email sent to 702-302-8742 on July 23, 2014; July 13, 2014; and August 8, 2014.

**INTERROGATORY NO. 23:**

Identify whether any method, person or system used to call 702-302-8742 has ever been the subject of any claims or lawsuit. Such identification should include the case name, jurisdiction, claim number and how each matter was resolved.

DATED this 23rd day of March, 2015.

CRAIG K. PERRY & ASSOCIATES

CRAIG K. PERRY, ESQ.
Nevada Bar No. 3786
8010 West Sahara Avenue, Suite 260
Las Vegas, NV 89117
(702) 228-4777
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of CRAIG K. PERRY & ASSOCIATES

and that on this 23rd day of March , 2015, I did cause a true copy of the foregoing

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT to be served by depositing

same in a sealed envelope addressed to the person(s) listed below, with postage fully paid. I placed the

envelope for collection and mailing, following our ordinary business practice with the United States

Postal Service.

Shannon G. Splaine, Esq.
LINCOLN, GUSTAFSON & CERCOS, llp
3960 Howard Hughes Parkway, Suite 260
Las Vegas, Nevada 89169
Attorneys for Defendant
MRS BPO, LLC

Samuel Ford, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Attorneys for Defendant
MRS BPO, LLC

_____
An Employee of Craig K. Perry & Associates

CRAIG K. PERRY, ESQ.
Nevada State Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
8010 W. Sahara Ave., Suite 260
Las Vegas, Nevada 89117
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
info@1stoplawfirm.com

Attorney for Plaintiff
Kirby Spencer

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Kirby Spencer, | Case No.: 2:14-cv-01833-MMD-GWF |
| Plaintiff, | |
| vs. | **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MRS PBO, LLC** |
| MRS BPO, LLC, a foreign limited-liability Company doing business in Nevada, | |
| Defendant. | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MRS BPO, LLC

COMES NOW the Plaintiff Kirby Spencer, (hereinafter "Spencer"), by counsel, and hereby requests that the Defendant MRS BPO, LLC, by and through its President or Chief Executive Officer of MRS BPO, LLC, pursuant to Rule 34 of the Federal Rules of Civil Procedure, answer Plaintiff's First Set of Requests for Production of Documents, as set forth herein, within 30 days.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant produce within (30) days, the documents herein described and permit Plaintiff and his attorneys to inspect them and copy them as they may desire. Plaintiff requests that the documents be made avail-

able for this inspection at the offices of counsel for the Plaintiff, Craig K. Perry, 8010 West Sahara Avenue, Suite 260, Las Vegas, Nevada 89117, or at such office of the Defendant's as may be the location of any of the documents requested, during normal business hours, with the least possible disruption to the ordinary course of Defendant's duties and responsibilities.

Plaintiff further requests that this inspection be permitted by Defendant immediately after Defendant's response to this request has been filed, and that its attorneys be permitted to remove from Defendant's custody those documents that they desire to copy, with the understanding that Plaintiff's attorney will be responsible for these documents so long as they are in his possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned immediately after copying has been completed.

This request is intended to cover all documents in possession of the Defendant, or subject to its custody and control, regardless of location.

These Requests are deemed to be continuing to the full extent permissible pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  Supplemental or amended answers should be furnished within ten (10) days of the date on which any additional information is obtained.

## INSTRUCTIONS

1.      Each answer must be as complete and straightforward as the information reasonably available to Defendant, or anyone acting on its behalf, permits.  'YOU, OR ANYONE ACTING ON YOUR BEHALF" includes Defendant, its agents, its employees, its insurance companies, its agents, its employees, its attorneys, its accountants, its consultants and expert witnesses, its investigators, and anyone else acting on its behalf.

2.      If a Request cannot be answered completely, answer it to the extent possible.  If the person(s) answer for the Defendant do not have enough personal knowledge to fully answer an

Interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations.

3. Whenever a Request may be answered by referring to a document (such as business records), the document(s) may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

4. In the event that the Defendant objects to answering any Request, producing any of the documents requested or responding to any of the requests for production, Defendant should state the precise ground(s) for each objection and the basis for asserting that such ground is applicable. Such statement should be made separately for each request with respect to which Defendant asserts an objection. Communications which, on the ground of some objection, are not produced, should be identified as follows:

A. State the full name and the present residential address of the person or persons by whom the document was written or communications were made;

B. State, with respect to each of the persons identified pursuant to (A) above: (1) at present, his employer, title, substantive responsibilities, business address, immediate supervisor and the designation of the office or department in which the person is employed, and (2) at the time the document was written or communication was made, his employer, title, substantive responsibilities, immediate supervisor and the designation of the office or department in which the person was employed;

C. State the date of the document or the date and place of the communication;

D. State, with respect to a document, the title or caption of the document and its nature (e.g., letter/memorandum/corporate resolution/etc.);

E.     State, with respect to a document, the present location of the document, and the name and address of the person in whose custody or control the document is currently held;

F.     Provide a brief description of the substance or subject matter of the document or communication (without waiving an alleged privilege);

G.     State the full name and the present residential and business address of each person to receive the document or a copy thereof or to whom a communication was made or further disseminated; and

H.     State, with respect to each person identified pursuant to (F) above, the Information requested in (B)(1) and (2) above.

5.     If any information or document responsive to any of the following Requests are withheld under a claim of privilege, describe or identify:

A.     The subject matter of any information or communication withheld, and

B.     The format (medium) and date of such communication, and

C.     All Parties to such communication, or others who may have records of same, and

D.     The precise nature of any privilege under which it is withheld, and

E.     The Party(ies) asserting the privilege, and

F.     The Party/Attorney/custodian/other person bound by the privilege.

## DEFINITIONS

1.     "Document" As used in this request, the term "document" means every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records, files, disks, or tapes or print-outs;

Plaintiff's Request for Production of Document to
Defendant                                          Case Number 2:14-cv-01833-MMD-GWF

agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

2.  "Person" means any individual or entity, including, but not limited to, partnership(s), association(s), corporation(s), principal, agent, or other.

3.  "Identify" when used with reference to a natural person, means to state each of the following:

    A.  The person's full name;

    B.  The person's present residential address; and

    C.  His present employer, title, substantive responsibilities, business address, his immediate supervisor, and the designation of the office or department in which the person is employed.

4.  "Identify" when used with reference to an entity other than a natural person, means to state each of the following:

    A.  The full name of the entity and any names under which it does business;

    B.  The present or last known address of the entity's principal office or place of business;

    C.  The type of entity (e.g., corporation, partnership);

    D.  All officers/agents/employees (if less than ten) of such entity;

    E.  All phone numbers for the entity; and

---

Plaintiff's Request for Production of Document to Defendant

Case Number 2:14-cv-01833-MMD-GWF

F.   All fax numbers for the entity.

5.   "Identify" when used in reference to an oral communication, including meetings, conferences, discussions, conversations, advice, counsel, speeches, addresses, and remarks, means to state each of the following:

A.   The full name and residential and business address of the person making such oral communication;

B.   The full name and residential and business address of each person to whom such oral communication was made;

C.   If the oral communication was made to the members of a large class, in which case it shall be sufficient to describe the class;

D.   The date and place at which such oral communication was made;

E.   The substance of the oral communication;

F.   The source of Defendant's information about the communication; and

G.   In addition, identify each document that was recorded, summarized or referred to in the oral communication.

6.   "Identify" when used in reference to a document, means to state each of the following:

A.   The nature of the document (e.g., letter of memorandum);

B.   Its title or caption;

C.   Its date;

D.   The name, title, and employer of each author of the document at the time the document was written;

E.   At the time the document was written, the name, title, and employer of each person to receive the document, or to whom a copy thereof was distributed;

Plaintiff's Request for Production of Document to
Defendant                                          Case Number 2:14-cv-01833-MMD-GWF

F.    The present location of the document; and

G.    The name and address of the person in whose custody or control the document is currently held.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documentation, technical manuals and marketing materials concerning any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service you use to operate and maintain the automatic telephone dialing system applications, programs, campaigns and promotions.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documentation, technical manuals and marketing materials describing any and all automatic telephone dialing system applications, programs, campaigns and promotions provided to consumers.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documentation substantiating your claim or defense that you did not ever use an automated telephone dialing system to call 702-302-8742.

**REQUEST FOR PRODUCTION NO. 4:**

Any documentation filed with the Texas Public Utilities Commission concerning your Automated Dial Announcing Device under permit number 090147 or any other permit number.

**REQUEST FOR PRODUCTION NO. 5:**

Any documentation concerning the techniques, systems and people used to call 702-302-8742.

**REQUEST FOR PRODUCTION NO. 6:**

Any documentation concerning your efforts to ascertain the owner of 702-302-8742.

Plaintiff's Request for Production of Document to Defendant

Case Number 2:14-cv-01833-MMD-GWF

**REQUEST FOR PRODUCTION NO. 7:**

Any documentation concerning the person you allege that you were attempting to call at 702-302-8742. Such documentation should include but not be limited to the documentation you received from the person or entity who gave you permission to call 702-302-8742, the written prior consent given to said entity or person.

**REQUEST FOR PRODUCTION NO. 8:**

Any documentation demonstrating that you or the party on whose behalf or from whom you obtained the right to call 702-302-8742 had the prior express written consent of either Kirby Spencer or the prior owner of the account.

**REQUEST FOR PRODUCTION NO. 9:**

A list of all mobile network operators used and accessed to automatically dial telephone calls between the automatic telephone dialing system and consumers served by those operators.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all descriptions of the types of equipment hardware and software that you used to initiate or dial the calls you to 702-302-8742, including year, make, model, and software version.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all policy and/or practice manuals regarding the use of any automated telephone dialing system you own, possess or use.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all information, documentation and technical manuals as to the type of systems used to call the plaintiff that have the capacity to store cellular telephone numbers to be called (regardless of whether it was used this way).

///

Plaintiff's Request for Production of Document to Defendant

Case Number 2:14-cv-01833-MMD-GWF

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documentation describing the methods for reporting on outgoing telephone calls made, the content of those calls and the call treatment performed when a called party responds to the telephone call.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all policies and procedures for managing electronic automatic telephone dialing applications and cellular telephone numbers, including (for depositions):

    a.  Individuals who define, design, approve or otherwise are involved in creating the automatic telephone dialing applications, programs, campaigns and promotions.

    b.  Individuals with administrative level access to the automatic telephone dialing system.

    c.  Individuals who audit, maintain or otherwise operate the automatic telephone dialing system.

    d.  Individuals who maintain or manage lists of cellular telephone numbers for automatic telephone dialing applications, programs, campaigns and promotions.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all documented data retention policies and a description of the data retention policies actually in place.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents indicating how far back online dates exists for each automatic telephone dialing application.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all documents indicating how far back backup and archived data exists for each automated text message application.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents concerning current litigation holds that are in place.

///

1

2  **REQUEST FOR PRODUCTION NO. 19:**

3      Any and all documents indicating the calls made by you or anyone acting on your behalf to 702-

4  302-8742.

5  DATED this 23 day of March, 2015.

6

7                                              CRAIG K. PERRY & ASSOCIATES

8

9

10                                             _____
                                               CRAIG K. PERRY, ESQ.
11                                             Nevada Bar No. 3786
                                               8010 West Sahara Avenue, Suite 260
12                                             Las Vegas, NV  89117
                                               (702) 228-4777
13                                             Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
Plaintiff's Request for Production of Document to
Defendant                                      Case Number 2:14-cv-01833-MMD-GWF

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of CRAIG K. PERRY & ASSOCIATES and that on this 23rd day of March          , 2015, I did cause a true copy of the foregoing PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS to be served by depositing same in a sealed envelope addressed to the person(s) listed below, with postage fully paid. I placed the envelope for collection and mailing, following our ordinary business practice with the United States Postal Service.

Shannon G. Splaine, Esq.
LINCOLN, GUSTAFSON & CERCOS, LLP
3960 Howard Hughes Parkway, Suite 260
Las Vegas, Nevada 89169
Attorneys for Defendant
MRS BPO, LLC

Samuel Ford, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Attorneys for Defendant
MRS BPO, LLC

An Employee of Craig K. Perry & Associates

Plaintiff's Request for Production of Document to
Defendant                                    Case Number 2:14-cv-01833-MMD-GWF

1  CRAIG K. PERRY, ESQ.
   Nevada State Bar No. 3786
2  CRAIG K. PERRY & ASSOCIATES
   8010 W. Sahara Ave., Suite 260
3  Las Vegas, Nevada 89117
   Telephone: (702) 228-4777
4  Facsimile: (702) 943-7520
   info@1stoplawfirm.com
5
6  Attorney for Plaintiff
   Kirby Spencer
7

8                  **UNITED STATES DISTRICT COURT**

9                       **DISTRICT OF NEVADA**

10 Kirby Spencer,                    )    CASE NO.: 2:14-cv-01136-RFB-PAL
11                                   )
                    Plaintiff,       )    **PLAINTIFF'S FIRST REQUEST FOR**
12                                   )    **ADMISSIONS TO DEFENDANT MRS BPO,**
   vs.                               )    **LLC**
13                                   )
14 MRS BPO, LLC, a foreign limited-liability )
   company doing business in Nevada, )
15                                   )
16                  Defendant.       )
17 _____)

18          **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**
                   **TO DEFENDANT MRS BPO, LLC**
19
20       COMES NOW, Plaintiff Kirby Spencer, (hereinafter "Spencer"), by counsel, and hereby

21 requests that the Defendant MRS BPO, LLC, by and through its President or Chief Executive Officer of

22 MRS BPO, LLC, pursuant to Rule 36 of the Federal Rules of Civil Procedure, admit the truth of the

23 following facts within thirty (30) days after service of Plaintiff's First Request for Admissions for the

24 purpose of this action only and subject to all pertinent objections to admissibility which may be

25 interposed at trial.

26

27

28

_____

These Requests for Admissions are deemed to be continuing to the full extent permissible pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  Supplemental or amended responses should be furnished within ten (10) days of the date on which any additional information is obtained.

### REQUEST FOR ADMISSIONS

**REQUEST NO. 1:**

Admit that you used telephone number 888-330-4552 from July 16 2014 and August 8, 2014 to contact 702-302-8742.

**REQUEST NO. 2:**

Admit that you have never had an established business relationship with Kirby Spencer.

**REQUEST NO. 3:**

Admit that you did not have an established business relationship with any person who owned the phone number 702-302-8742.

**REQUEST NO. 4:**

Admit that Kirby Spencer never gave you express written consent to make calls to 702-302-8742.

**REQUEST NO. 5:**

Admit that no one ever gave you express written consent to make calls to 702-302-8742.

**REQUEST NO. 6:**

Admit that you do not have any evidence in your possession demonstrating that neither a person nor entity ever gave either you or any entity for whom you perform debt collection services prior express written consent to call 702-302-8742.

///

///

Plaintiff's Request for Admissions to Defendant          Case No.: 2:14-cv-01833-MMD-GWF

**REQUEST NO. 7:**

Admit that you made calls to the phone number 702-302-8742 on July 16, 2014; July 23, 2014; July 24, 2014 and August 8, 2014.

**REQUEST NO. 8:**

Admit that you did not make any effort to verify the owner of the phone number 702-302-8742 prior to calling it on July 16, 2014; July 23, 2014; July 24, 2014 and August 8, 2014.

**REQUEST NO. 9:**

Admit that your company owned at least one automated telephone dialing system between July 16, 2014 and August 8, 2014.

**REQUEST NO. 11:**

Admit that your company has at least one Automatic Dial Announcing Device registered with the Texas Public Utilities Commission in 2014.

**REQUEST NO. 12:**

Admit that your calls to Kirby Spencer were made using an automated telephone dialing system.

DATED this 23 day of March, 2015.         CRAIG K. PERRY & ASSOCIATES

CRAIG K. PERRY, ESQ.
Nevada Bar No. 3786
8010 West Sahara Avenue, Suite 260
Las Vegas, NV  89117
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of CRAIG K. PERRY & ASSOCIATES and

that on this 23rd day of _March_, 2015, I did cause a true copy of the foregoing

PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS to be served by depositing same in a

sealed envelope addressed to the person(s) listed below, with postage fully paid. I placed the envelope

for collection and mailing, following our ordinary business practice with the United States Postal

Service.

Shannon G. Splaine, Esq.
LINCOLN, GUSTAFSON & CERCOS, LLP
3960 Howard Hughes Parkway, Suite 260
Las Vegas, Nevada 89169
Attorneys for Defendant
MRS BPO, LLC

Samuel Ford, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Attorneys for Defendant
MRS BPO, LLC

_____
An Employee of Craig K. Perry & Associates

---

Plaintiff's Request for Admissions to Defendant                    Case No.: 2:14-cv-01833-MMD-GWF